**AMERICAN SURETY CO. OF NEW YORK v. RINER, District Judge.**

(Circuit Court of Appeals, Eighth Circuit.　November 15, 1920.)

No. 208.

Appeal and error ☞1194 (1)—Mandate held to direct inclusion of interest only to date of original decree.

A mandate issued by an appellate court, directing the modification of the decree appealed from, by including therein interest on the sum recovered by complainant from the time it became entitled thereto, *held* to require the allowance of such interest only to the date of the original decree, which, as so modified, was affirmed, and not to the date of the mandate.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition for Writ of Mandamus by the American Surety Company of New York against John A. Riner, Judge of the District Court for the District of Wyoming. Denied.

W. E. Clark, of Denver, Colo., for petitioner.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This is an application for a writ of mandamus requiring the trial court to enter a decree in conformity with the mandate of this court, issued in the case of Carbon Timber Co. v. American Surety Co. (C. C. A.) 263 Fed. 295. It appears from the petition and return that the original decree awarded recovery of the sum of $4,880.45 to the complainant from the defendant in that suit, and further decreed that the complainant should not recover interest upon that sum prior to the date of the decree. The complainant appealed from that decree.

The defendants, within 5 days after the entry of the decree, deposited in the registry of the court the amount awarded against them, but subsequently, and 89 days after the date of the decree, the defendants prayed a cross-appeal and filed their assignment of errors. Their cross-appeal was allowed, and they gave a bond, which was approved by the trial court. The bond was conditioned that the defendants should prosecute their appeal to effect and answer all damages and costs, if they failed to make their plea good. When the appeal and cross-appeal were heard by this court, it was held that the trial court erred in denying the appellant interest upon the amounts it had paid, and a mandate was issued directing the District Court to modify its decree by adding the amount of such interest.

The court modified the decree by allowing interest in favor of the plaintiff upon the amounts it had paid from the date of such payments to the time of the entry of the former decree. The plaintiff requested the court to enter a decree allowing interest on the amounts paid until the date of the modification of the decree; but the court refused to do so, saying that he refused because the defendants had paid into court for the benefit of the plaintiff the amount of $4,880.45 and costs within 5 days after the entry of the original decree.

The petitioner claims that the mandate required the entry of a decree allowing it interest on the amounts it had paid, and that the payment into court by the defendants was not effective to stop the running of interest, and that this right is one enforceable by mandamus. There was no disobedience of the mandate. Interest was allowed from the date of the payments made by plaintiff, and the decree, as modified, included the interest to the date of the original decree. The mandate did not require the entry of a new decree for the sum due at its date, but directed a modification of the former decree to include the interest to that date, and affirmed that decree, as so modified.

The petitioner's grievance is not that the court failed to follow the mandate, but seems to be addressed to remarks of the trial court, indicating its view that the payment into court by the defendants, after

the entry of the former decree, stopped the running of interest on a like portion of the amount due under the decree. The petitioner might have asked for the issuance of an execution to recover the balance it claimed to be due, or otherwise have tested the proper amount due it under the modified decree; but it can have no just complaint against the decree itself, as it was modified.

The writ will be denied.